IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brad R. Johnson, | ) | Case No.: 4:23-3057-JD-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Anderson Trucking Service, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court with a Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 77.) Plaintiff Brad E. Johnson ("Johnson" or "Plaintiff"), proceeding *pro se*, asserts causes of action for negligence and breach of contract accompanied by a fraudulent act against Defendant Anderson Trucking Service, Inc ("Defendant" or "Anderson Trucking"). Plaintiff alleges that on September 8, 2022, he was inside his RV while it was parked in a "truck rest/hotspot" at a Shell gas station when his RV was struck by a truck with an attached trailer owned by Anderson Trucking and driven by Defendant's employee, William David King ("King"). (DE 16-1, ¶¶ 14-15.) Plaintiff was not injured during the collision, but his RV sustained damages, and Plaintiff asserts that he has incurred $86,735.90

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

in damages as a result of the collision. (DE 16-1, ¶¶ 20, 27.) For relief Plaintiff is seeking monetary damages and attorney's fees.

Plaintiff filed two Motions for Partial Summary Judgment (DE 16, 17). In his first motion for partial summary judgment, Plaintiff seeks a ruling from the court that no dispute of fact exists that Defendant is vicariously liable for the damages caused by King under the doctrine of respondeat superior because King was acting within the scope of his employment with Defendant at the time of the collision. (DE 21.) Plaintiff's second Motion for Partial Summary Judgment seeks a ruling from the court that Defendant is "subject to SC Code § 38-59-40 because under Minnesota statutory, regulatory, and common law, [Defendant] is a self-insurer that has a 'plan of insurance,' where such 'self-insurance' in the functional equivalent of an insurance policy." (DE 17, p.1.) Defendant filed responses (DE 21, 23), and Plaintiff filed replies. (DE 25, 29.)

The Report was issued on December 20, 2023, recommending that Plaintiff's Motions for Partial Summary Judgment be denied as premature. (DE 77.) No objections to the Report were filed. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 77) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Partial Motions for Summary Judgment (DE 16, 17) are denied as premature with leave to refile once discovery is complete.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 18, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3